UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:23-cr-40028-JPG |
| TRAVIS L. WOOLEY, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion to Dismiss the Indictment. (Doc. 19). The Defendant filed his motion on December 29, 2023. Because *Bruen* did not render 18 U.S.C. § 922(g) facially unconstitutional and Wooley cannot bring an as-applied challenge to § 922(g)'s constitutionality; the Court hereby **DENIES** the Motion.

**I. BACKGROUND**

In 2010, Wooley was convicted and sentenced to 132 months in prison on drug charges. (Case No. 3:08-cr-30235-NJR, Doc. 287). Under 18 U.S.C. § 922(g)(1), it is illegal for any person who has been convicted and sentenced to more than one year in prison to possess a firearm transported in interstate commerce. Thirteen years after his conviction, Wooley was indicted on charges of felon in possession of a firearm on July 13, 2023. (Doc. 1).[1]

On June 22, 2022, the Supreme Court decided *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). In *Bruen* the Supreme Court found that the Second and Fourteenth Amendments protected a law-abiding individual's right to possess firearms outside their home. *Bruen* required that Second Amendment restrictions be evaluated for their

---

[1] Unless otherwise stated, all document references refer to Wooley's present criminal case.

1

consistency with the United States's historical tradition of firearm regulation.

Since the *Bruen* decision, there have been multiple challenges to the constitutionality of 18 U.S.C. § 922(g)'s prohibition on felons possessing firearms. Critics of § 922(g) argue that an outright, lifelong bar on certain classes of individuals based on their conduct is inconsistent with the country's historical tradition of firearm regulation and, therefore, § 922(g) is unconstitutional—both facially and as-applied. Wooley has become one of those challengers. Wooley likewise argues that § 922(g) violates the Second and Fourteenth Amendments under the *Bruen* framework. Accordingly, Wooley argues that his indictment should be dismissed.

II.     **LEGAL STANDARD**

*New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1, established a new standard for evaluating firearm regulations. Under *Bruen*, firearm restrictions must be based in the country's historical tradition of firearm regulation. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id*. (quoting *Konigsberg v. State Bar of Cal.*, 366 U. S. 36, 50, n. 10 (1961)).

Here, the Government filed a thoroughly well-researched response that demonstrates 18 U.S.C. § 922(g)'s lifelong bar on felons possessing firearms is not inconsistent with this country's historical tradition of firearm regulation. However, the Court need not address these arguments in the exacting detail that they are due, because the Court of Appeals for the Seventh Circuit has all but settled the matter.

In *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024), the Appellate Court wrote that the argument that *Bruen* rendered § 922(g)'s prohibition unconstitutional was:

2

> [H]ard to square with *District of Columbia v. Heller*, 554 U.S. 570, 128 . . . which in the course of holding that the Second Amendment creates personal rights pointedly stated that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* at 626, 635. When extending *Heller* to the states, the [Supreme] Court in *McDonald v. Chicago*, 561 U.S. 742, 786, . . . reassured readers that all of the reservations and provisos in the *Heller* opinion retain validity. And in the Court's most recent Second Amendment decision [in *Bruen*], Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*. *See* 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."); *id*. at 80-81 (Kavanaugh, J., joined by the Chief Justice, concurring) (endorsing the statement in *Heller* about the propriety of denying firearms to felons)
>
> One must not read decisions of the Supreme Court as if they were statutes. The Justices have yet to consider the question whether non-violent offenders may wage as-applied challenges to §922(g)(1). One circuit has held that they may, in light of *Bruen*, and that someone whose most serious conviction is for a non-violent crime that did not lead to even one day in prison retains a constitutional right to keep and bear arms. *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), petition for certiorari pending under the name *Garland v. Range* (No. 23-374). Other circuits have disagreed with that conclusion in post-*Bruen* decisions. *See, e.g., United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023); *Vincent v. Garland*, 80 F.4th 1197, 1199-1202 (10th Cir. 2023). We may assume for the sake of argument that there is some room for as-applied challenges, but that assumption does not assist Gay. When describing the persons who possess rights under the Second Amendment, *Bruen* repeatedly used the phrase "law-abiding, responsible citizens" or a variant. *E.g.*, 597 U.S. at 26, 70. Gay does not fit that description. He has been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison.
>
> Gay was on parole after spending almost 25 years in confinement and had promised as part of the agreement to obtain his release that he would not possess a firearm. He violated that condition (in addition to violating the condition requiring him to report his residence). To repeat what we said above: Parole is a form of custody. Gay's sentences had not expired; all parole did was allow him to serve some of his sentences outside prison walls.

*United States v. Gay*, 98 F.4th at 846–47. The Court of Appeals indicated that § 922(g) is not facially unconstitutional. Additionally, the Appellate Court indicated that there may be some room for as-applied challenges in situations where a non-violent felon has not served any time in

3

prison.[2] When a defendant's most serious conviction was for a violent felony *or* if the defendant's most serious conviction is for a non-violent felony, but the defendant spent at least one day in prison,[3] that defendant is not considered a "law-abiding, responsible citizen" and, therefore, cannot bring an as-applied challenge to § 922(g).

Accordingly, the Court must infer that a more exhaustive as-applied analysis is due when there is an open question as to whether a defendant is a "law-abiding, responsible citizen" by inquiring into their most serious conviction(s). The Court of Appeals analyzed the specific circumstances of the defendant's offenses. This implies that the Appellate Court does not intend the lower courts to analyze a defendant's offense under the categorical approach, but rather the defendant's specific, particular offense conduct. Additionally, the Court must determine whether they were actually incarcerated. If the defendant's most serious conviction was for a violent felony *or* the defendant was actually incarcerated, then that defendant cannot bring an as-applied challenge to § 922(g).

### III.  ANALYSIS

Here, Wooley raises a facial and an as-applied challenge to § 922(g) under the *Bruen* framework. As the Court of Appeals found, a facial challenge to § 922(g) is "hard to square" with the Supreme Court's precedent and the concurrence in *Bruen*—considering the composition of the majority in *Bruen*. Therefore, Wooley's facial challenge to § 922(g) is improper.

As for Wooley's as-applied challenge, the Court must analyze his disqualifying offense,

---

[2] The Court of Appeals caveated this by assuming "for the sake of argument" that as-applied challenges were possible for non-violent felons who were never incarcerated. 98 F.4th at 846. Therefore, the Court only considers this as-applied challenge in an abundance of caution.

[3] The Appellate Court cited a case from the Court of Appeals for the Third Circuit which found that "someone whose *most serious conviction* is for a *non-violent* crime that did not lead to *even one day in prison* retains a constitutional right to keep and bear arms." 98 F.4th at 846 (citing *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023)) (emphasis added). This suggests that to even entertain the possibility of an as-applied challenge, a felon's most serious conviction must have been for a non-violent offense *and* did not lead to "even one day in prison." *Id*. If *either* condition is not satisfied, then an as-applied challenge is improper.

that offense's specific conduct, and whether he was actually incarcerated.

First, Wooley was convicted on drug charges. Specifically, Wooley was convicted of "knowingly and intentionally combin[ing], conspire[ing], and agree[ing] . . . to knowingly distribute and possess with intent to distribute a mixture or substance containing cocaine base, 'crack cocaine,' a Schedule II Narcotic Controlled Substance." (Case No. 3:08-cr-30235-NJR, Doc. 49). Distribution of "crack cocaine" is a serious offense that would certainly indicate a defendant is not a "law-abiding, responsible citizen," but it is not necessarily violent.

Turning to Wooley's specific conduct: Wooley was a member of the "JACKMOB." (*Id*., Doc. 175). As part of this group, Wooley and his associates "sometimes carried firearms while involved in the crack distribution." (*Id*.). The group would "pool[] their money together to get crack cocaine." (*Id*.). Wooley specifically gave money to several individuals to buy crack cocaine for him to use in the drug distribution ring. Wooley would sometimes supply drugs to other members in the conspiracy to sell and would send customers to different members of the group to buy the drugs. Sometimes the person Wooley sent his customers to would "gank" the customer i.e., steal from them, and Wooley would sometimes give customers crack cocaine to "cover" them.[4] (*Id*.). Wooley sold crack cocaine multiple times to a confidential source. Wooley was ultimately found culpable for between 150 to 500 grams of crack cocaine. (*Id*.). These actions indicate that Wooley was intimately involved in a clearly criminal and highly illegal enterprise. Wooley's conduct is absolutely not the conduct of a "law-abiding, responsible citizen." It is difficult to imagine a large drug distribution ring involving firearms that did not, in at least some manner, involve violence. For the sake of argument however, the Court will presume that Wooley qualifies as a non-violent felon.

---

[4] The term "gank" is ambiguous and can mean "steal" or "kill" depending on context. Based on the context from the stipulation of facts, it appears that here "gank" means "to steal."

Regardless of the nature of his conviction or his conduct, Wooley was sentenced to 132 months in prison for his crimes. Wooley served nearly ten years of that sentence in prison. (*Id*., Doc. 287). Wooley was sentenced on March 29, 2010, and released by the Bureau of Prisons on April 1, 2020. *Find an Inmate*, B.O.P., https://www.bop.gov/inmateloc/ (Type in "Travis L Wooley" into corresponding search terms for inmate's first, middle, and last name. Release date is indicated below Wooley's demographic information). Evidently, Wooley spent more than one day in prison.

As Wooley's previous conviction and offense conduct are not the conduct of a "law-abiding, responsible citizen" and Wooley spent more than one day in prison for his crimes, the Court finds that Wooley's as-applied challenge to § 922(g) is improper.

## IV.   CONCLUSION

Because *Bruen* did not render § 922(g) facially unconstitutional and Wooley is not a "law-abiding, responsible citizen," Wooley's challenge to § 922(g)—facially and as-applied— are improper. Accordingly, his Motion to Dismiss the Indictment, (Doc. 19), is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED:  May 16, 2024**

                                              *s/ J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**